IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

---

KELVIN ANDRE SPOTTS,

    Petitioner,

v.                                                                                                 Case No. 2:22-cv-02703-MSN-tmp

WARDEN BOWERS,

    Respondent.

---

**ORDER DENYING PETITION PURSUANT TO 28 U.S.C. § 2241 AS MOOT; CERTIFYING AN APPEAL WOULD NOT BE TAKEN IN GOOD FAITH; AND DENYING LEAVE TO PROCEED *IN FORMA PAUPERIS* ON APPEAL**

---

Before the Court is the *pro se* Petition for Habeas Corpus pursuant to § 2241 (ECF No.1, "§ 2241 Petition") filed on October 11, 2022, by Petitioner Kelvin Andre Spotts, who was an inmate at the Federal Correctional Institution in Memphis, Tennessee ("FCI-Memphis") under Federal Bureau of Prisons ("BOP") register number 05613-088, filed a *pro se* Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241. (ECF No. 1, "§ 2241 Petition".) Petitioner paid the case filing fee on October 25, 2022. (ECF No. 3.) On December 6, 2022, the Court directed Respondent to respond to the Petition. (ECF No. 4.) On January 3, 2023, Respondent answered the Petition. (ECF No. 6, "Response".) For the reasons stated below, the § 2241 Petition (ECF No. 1) is **DENIED** as moot.

When the § 2241 Petition was filed, Spotts was serving a sentence of life imprisonment plus sixty months imposed on February 10, 1999—and subsequently amended—by the United States District Court for the Southern District of West Virginia ("Sentencing Court"). Spotts's sentence arose from Conspiracy to Distribute Cocaine Base, in violation of 21 U.S.C.§ 846; Use

of a Firearm During Drug Trafficking Offense, in violation of 18 U.S.C. § 924(c)(1); and Conspiracy to Launder Money, in violation of 18 U.S.C. § 1956(h).[1] In the § 2241 Petition, Spotts contended he was entitled to an immediate release based on 877 days of "good time" credits under the First Step Act ("FSA Credits") that he had accrued following the Sentencing Court's order to release him on November 28, 2022. (ECF No. 1 at PageID 2.) He sought immediate release from BOP custody. (*Id.* at PageID 4.)

"Article III of the Constitution confines the judicial power of federal courts to deciding actual 'Cases' or 'Controversies.'" *Hollingsworth v. Perry*, 570 U.S. 693 (2013) (citing U.S. Const., art. III, § 2). This is "a cradle-to-grave requirement that must be met in order to file a claim in federal court and that must be met in order to keep it there." *Fialka-Feldman v. Oakland Univ. Bd. of Trustees*, 639 F.3d 711, 713 (6th Cir. 2011). "[A] federal court has no authority to give opinions upon moot questions or abstract propositions, or to declare principles or rules of law which cannot affect the matter in issue in the case before it." *Church of Scientology of California v. United States*, 506 U.S. 9, 12 (1992) (internal quotation marks omitted); *see also Coal. for Gov't Procurement v. Fed. Prison Indus., Inc.*, 365 F.3d 435, 458 (6th Cir. 2004) ("Under the 'case or controversy' requirement, we lack authority to issue a decision that does not affect the rights of the litigants."). The mootness question turns on whether a federal court can afford a litigant any "effectual relief." *Coalition for Gov't Procurement*, 365 F.3d at 458.

A case becomes moot when events occur that render the court unable to grant the requested relief and when no actual injury remains that the court could redress. *Demis v. Sniezek*, 558 F.3d

---

[1] *See* ECF No. 1 at PageID 4; ECF No. 6-1 at PageID 25–26; ECF No. 6-2 at PageID 27–31; ECF No 6-4 at PageID 36–40; ECF No. 6-4 at PageID 42–43; ECF No. 6-4 at PageID 45–61; ECF No. 6-4 at PageID 63–69; ECF No. 6-4 at PageID 71–77; ECF No. 6-4 at PageID 79–81; ECF No. 6-5 at PageID 87–112; ECF No. 6-6 at PageID 114–20; ECF No. 6-7 at PageID 121–27; and ECF No. 6-8 at PageID 128–30.

508, 512–13 (6th Cir. 2009). When a prisoner's sentence has expired, "some concrete and continuing injury . . . —some 'collateral consequence' of the conviction—must exist if the suit is to be maintained." *Id.* at 512.

In the Response, Respondent argues that "[t]he BOP correctly calculated and applied any applicable jail credit to [Spotts's] sentence and appropriately released him on November 28, 2022. Accordingly, this case is now moot and must be dismissed." (ECF No. 6 at PageID 12.) The BOP's Inmate Locator website reflects that Spotts was indeed released on November 28, 2022, as Respondent contends. (*See* https://www.bop.gov/inmateloc/ (last accessed Dec. 5, 2024).) A habeas petition seeking FSA sentencing credits becomes moot if the BOP grants the credits and releases that petitioner from the sentence. *See Inniss v. Hemingway*, 657 F. Supp. 3d 986, 988 (E.D. Mich. 2023); *see also Atwood v. FCI Berlin Warden*, No. 22-CV-526-JL, 2023 WL 2308531, at *1 (D.N.H. Jan. 19, 2023), *report and recommendation adopted,* No. 22-CV-526-JL, 2023 WL 2302863 (D.N.H. Mar. 1, 2023) ("A prisoner's release from BOP custody moots his § 2241 petition challenging the calculation of his time credits and the length of the imprisonment component of his sentence"). Spotts's claim in § 2241 Petition about the FSA credits is now moot.

Further, a prisoner's claim for injunctive relief—in this case, Spotts's request for "immediate calculation correcting the […] sentence" (ECF No. 1 at PageID 4) -- becomes moot when the prisoner is no longer confined at the prison where the claim allegedly arose. *Lyons v. Azam*, 58 F. App'x 85, 87 (6th Cir. 2003). Spotts's release from the BOP rendered his request for "correcti[on] [of] the sentence" (ECF No. 1 at PageID 4) impossible for the Court to grant.

The issues presented in Spotts's § 2241 Petition have either been resolved or the relief sought is now impossible to grant. For these reasons, the § 2241 Petition (ECF No. 1) is **DENIED** as moot. Judgment shall be entered for Respondent.

Federal prisoners who file petitions pursuant to 28 U.S.C. § 2241 challenging their federal custody need not obtain certificates of appealability under 28 U.S.C. § 2253(c)(1). *Durham v. United States Parole Comm'n*, 306 F.3d 225, 229 (6th Cir. 2009); *Melton v. Hemingway*, 40 F. App'x 44, 45 (6th Cir. 2002) ("a federal prisoner seeking relief under § 2241 is not required to get a certificate of appealability as a condition to obtaining review of the denial of his petition"); *see also Witham v. United States*, 355 F.3d 501, 504 (6th Cir. 2004) (28 U.S.C. § 2253 "does not require a certificate of appealability for appeals from denials of relief in cases properly brought under § 2241, where detention is pursuant to federal process").

A habeas petitioner seeking to appeal must pay the $605 filing fee required by 28 U.S.C. §§ 1913 and 1917. To appeal *in forma pauperis* in a habeas case under 28 U.S.C. § 2241, the petitioner must obtain pauper status pursuant to Federal Rule of Appellate Procedure 24(a). *Kincade v. Sparkman*, 117 F.3d 949, 952 (6th Cir. 1997). Rule 24(a) provides that a party seeking pauper status on appeal must first file a motion in the district court, along with a supporting affidavit. Fed. R. App. P. 24(a)(1). However, Rule 24(a) also provides that if the district court certifies that an appeal would not be taken in good faith, or otherwise denies leave to appeal *in forma pauperis*, the petitioner must file his motion to proceed *in forma pauperis* in the appellate court. *See* Fed. R. App. P. 24(a)(4)–(5).

Accordingly, Petitioner's § 2241 Petition is **DENIED** as moot. Further, the Court determines that any appeal would not be taken in good faith. It is therefore **CERTIFIED**, pursuant to Federal Rule of Appellate Procedure 24(a), that any appeal in this matter would not be taken in good faith. Leave to appeal *in forma pauperis* is **DENIED**.[2]

---

[2] If Spotts files a notice of appeal, he must also pay the full $605 appellate filing fee or file a motion to proceed *in forma pauperis* and supporting affidavit in the United States Court of Appeals for the Sixth Circuit within thirty (30) days.

**IT IS SO ORDERED**, this 7th day of December, 2024.

*s/ Mark S. Norris*
MARK S. NORRIS
UNITED STATES DISTRICT JUDGE